IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RODRICK VANN, JR.                                                                                   PLAINTIFF

v.                                    Civil No. 4:22-cv-04077

JUDGE KIRK JOHNSON, Retired Judge; PROSECUTOR
CONNIE MITCHELL; and PROSECUTOR STEPHANIE
POTTER-BLACK                                                                                        DEFENDANTS

## REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff Rodrick Vann, Jr. pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA").  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.    BACKGROUND

Plaintiff is currently an inmate in the Hempstead County Detention Center in Hope, Arkansas.  He filed his Complaint on September 8, 2022.  (ECF No. 1).  His application to proceed *in forma pauperis* was granted that same day.  (ECF No. 3).

Plaintiff names the following individuals as Defendants in the Complaint: Judge Kirk Johnson – a retired state court judge; Connie Mitchell – a prosecuting attorney; and Stephanie Potter-Black – a prosecuting attorney. (ECF No. 1, pp. 2-3).  Plaintiff is suing Defendants in their

1

individual and official capacities.  *Id.* at pp. 5, 7-8.  He is seeking compensatory and punitive damages.  *Id.* at p. 9.

Plaintiff alleges during his criminal trial in Miller County, Arkansas[1] in February of 2018, Defendants "denied me my 6th Amendment constitutional right to confront my accuser at trial for cross-examination. Alleged victim was unavailable…I was denied due process not being able to cross-examine the witness/victim. Which led to a wrongful conviction to 40 years in the Arkansas Department Corrections."  *Id.* at pp. 4-8.

## II.     APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

---

[1] Plaintiff identifies his criminal case as "No. CR-18-578". (ECF No. 1, p. 4).

## III.   DISCUSSION

**1. Judge Kirk Johnson**

Plaintiff identifies Defendant Johnson as the judge who presided over his criminal trial in 2018. Judges are generally immune from lawsuits. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994) (judges are generally immune from suit for money damages); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability."). Judicial immunity is only overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction") (internal citations omitted).

Plaintiff has failed to allege any action by Judge Johnson that was non-judicial or taken without jurisdiction. Accordingly, Judge Johnson is immune from suit and the claims against him should be dismissed with prejudice.

**2. Prosecutors Mitchell and Potter-Black**

Defendants Mitchell and Potter-Black are identified by Plaintiff as the prosecutors in his criminal trial. Plaintiff's claims against these Defendants must be dismissed because as prosecutors they are immune from suit. The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431, (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id*. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase

of the criminal process." *Id.* at 430. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (County prosecutors were entitled to absolute immunity from suit).

Plaintiff fails to allege that Defendants Mitchell or Potter-Black engaged in any conduct other than actions taken in connection with their duties as prosecuting attorneys during Plaintiff's criminal case. Accordingly, Defendants Mitchell and Potter-Black are entitled to absolute immunity and the claims against them should be dismissed with prejudice.

### 3. *Heck v. Humphrey*

Finally, Plaintiff's claims against all Defendants are also barred by the *Heck* doctrine. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87.

Here, Plaintiff's allegations against Defendants are based the decision of the judge and the prosecutors to proceed with trial without the presence of Plaintiff's victim/accuser. Plaintiff has not alleged his conviction has been favorably terminated and therefore his requests for monetary damages are therefore barred by *Heck*. Plaintiff may not use the civil rights statutes as a substitute for direct appeal or for *habeas corpus* relief. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement). Accordingly, I recommend Plaintiff's claims against all Defendants be dismissed.

## IV. CONCLUSION

For the reasons stated above, I recommend Plaintiff's claims against all Defendants be **DISMISSED WITH PREJUDICE**.

Adoption of these recommendations would result in the dismissal of the entire action. In that event, I further recommend: (1) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this action would not be taken in good faith; (2) Plaintiff be warned that a dismissal of this case may be counted as a strike for purposes of 28 U.S.C. § 1915(g); and (3) the Clerk be directed to place a § 1915(g) strike flag on the case for future judicial consideration.

The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.

**IT IS SO ORDERED** this 14th day of September, 2022.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE